UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| HEDY LYNN MOSS | ) | CASE NO.: 5:23-cv-00711 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| TERI BAULDAUF, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |

This matter appears before the Court on Petitioner Hedy Lynn Moss's objections to the Magistrate Judge's Report and Recommendation ("R&R"). Upon review, the Court overrules the objections and adopts the R&R and incorporates its findings and conclusions herein. Moss's petition is DENIED, and this matter is DISMISSED.

Where objections are made to a magistrate judge's R&R this Court must:

> must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Moss initially asserted twenty-eight grounds for relief, but subsequently withdrew fourteen of the twenty-eight grounds. Doc. 19, p. 1. After a nine-page discussion, the R&R concludes that Moss only presented procedurally defaulted claims and recommends denying the petition in its entirety. Id.

The R&R concludes that "[b]y failing to timely raise these issues in her direct appeal, Moss procedurally defaulted on each of Grounds Nine through Sixteen, Twenty, Twenty-Three, Twenty-

Four, Twenty-Seven, and Twenty-Eight. Doc. 19, p. 15. Further, the R&R states that even if Moss raised any of these grounds in her direct appeal, "she procedurally defaulted such grounds by failing to pursue a discretionary appeal in the Ohio Supreme Court." Id. Moss failed to timely file a notice of appeal in the Ohio Supreme Court, and subsequently sought and received leave to pursue a delayed appeal. The Ohio Supreme Court then

> *sua sponte* dismissed the appeal on the ground that Moss had failed to prosecute the case 'with the requisite diligence' because she did not timely file a memorandum in support of jurisdiction in accordance with the Rules of Practice of the Supreme Court of Ohio, see. e.g., Rule II, § 2(A)(1)(a), and Rule III, § 1, Rules of Practice of Supreme Court of Ohio. (See ECF No. 8-1, Ex. 28). In so ruling, the court 'clearly and expressly relied on both an independent and adequate state ground stemming from petitioner's noncompliance with the court's well-established and regularly-followed written procedural rules governing the timing and filing of the requisite appeal documents.' *Schroyer v. Moore*, No. C-1-05-797, 2007 WL 2492312, at *7 (S.D. Ohio Aug. 29, 2007); *James v. Warden*, *Lebanon Corr. Inst.*, No. 1:06CV212, 2007 WL 2326867, at *4 (S.D. Ohio Aug. 10, 2007) ('Dismissals for failure to comply with a court order and for want of prosecution involve a 'firmly established and regularly followed' practice utilized by all courts, not only the courts of Ohio.'). Accordingly, the Court concludes that Moss procedurally defaulted any grounds raised in Moss's direct appeal by failing to timely file a memorandum in support of jurisdiction in accordance with the Ohio Supreme Court's express order.

Doc. 19, p. 16.

The R&R sums up Moss's response to Respondent's procedural default argument as follows:

> Moss largely fails to address Respondent's procedural default argument and, at best, argues that she properly preserved certain claims by one of the following methods: through a letter to the trial judge and by filing a motion for misrepresentation prior to her trial in state court that does not appear on a docket (ECF No. 14 at 18 (Ground 9)); raising the issue in her motion to reopen her appeal (id. at 20 (Ground 10)); and arguing that she did not understand that purpose of a petition to reopen an appeal pursuant to Ohio App. R. 26(b) was to address appellate counsel's errors and instead believed that she could raise additional trial counsel errors not previously raised on direct appeal. (See ECF No. 14 at 25 (Ground 17)).

Doc. 19, p. 13-14.

The R&R concludes that Moss failed to establish cause to excuse her procedural default.

Doc. 19, p. 19. The R&R notes that Moss moved to supplement her traverse with several attachments that she claimed would demonstrate cause for procedurally defaulting on claims she failed to raise on direct appeal. Doc. 19, p. 20. The magistrate judge denied this motion, concluding that Moss did not meet the strict requirements of 28 U.S.C. §2254(e)(2) which would allow her to expand the record with additional material to relating to her petition. Accordingly, the R&R properly does not consider these documents, nor any argument Moss may have made in her purported supplement.

Moss essentially asserts these same summary statements in her objections, without analysis and without pointing to any error in the R&R's analysis on these issues. See Doc. 27. "An 'objection' that does nothing more than state a disagreement with a Magistrate's suggested resolution or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). A general objection to the Magistrate's report has the same effect as a failure to object. *Id.* Because Moss merely repeated and restated previous arguments, her objections are overruled.

The R&R is hereby ADOPTED IN WHOLE, and Moss's petition is hereby DENIED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

IT IS SO ORDERED.

November 13, 2024	/s/ John R. Adams
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT JUDGE